**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30042 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00133-RSM-1 |
| v. | MEMORANDUM[*] |
| MARK F. SPANGLER, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted December 10, 2015
Seattle, Washington

Before: MCKEOWN and TALLMAN, Circuit Judges, and LEFKOW,[**] Senior
District Judge

Mark F. Spangler appeals his convictions for wire fraud (18 U.S.C. § 1343),

money laundering (18 U.S.C. § 1957), and investment-adviser fraud (15 U.S.C. §

80b-17) and argues (1) that the district court violated his Sixth Amendment right to

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Joan Humphrey Lefkow, Senior United States District
Judge for the Northern District of Illinois, sitting by designation.

confrontation when it cut short his cross-examination of a key government witness; and (2) that the district court plainly erred in failing to exclude certain remarks made by the prosecutor during closing argument and rebuttal.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Spangler first argues that the district court violated his Sixth Amendment right to confrontation when it imposed a time limit on defense counsel's cross-examination of William Carleton, Spangler's former attorney. We reject that argument because a limitation on cross-examination "does not violate the Confrontation Clause unless it limits relevant testimony and prejudices the defendant, and denies the jury sufficient information to appraise the biases and motivations of the witness." *United States v. Bensimon*, 172 F.3d 1121, 1128 (9th Cir. 1999) (internal citations and quotation marks omitted). Here, the district court's ruling neither limited relevant testimony nor prejudiced Spangler, as the court brought cross-examination to a close only when defense counsel's questioning became repetitive and greatly exceeded defense counsel's time estimate of one hour. Further, the district court gave counsel timely warnings that his cross-examination was becoming repetitive, argumentative, and unfocused.

---

[1] We dispose of Spangler's other arguments in a published opinion filed contemporaneously with this memorandum.

Spangler had fair warning before he was told his examination was complete.

Finally, defense counsel was able to question Carleton about matters of bias such as his close personal relationship with Spangler and his potential exposure to civil liability. Accordingly, it cannot be said that the jury lacked "sufficient information to appraise the biases and motivations" of Carleton. *See id.* (quoting *United States v. Jenkins*, 884 F.2d 433, 436 (9th Cir. 1989)).

Spangler also contends that the district court plainly erred in failing to strike certain comments made by the prosecutor during closing argument and rebuttal. We disagree. The prosecutor's statements that there had been "an awful lot of smoke blown in this courtroom" and that "[t]he scam [was] being perpetrated in this courtroom before [the jurors'] very eyes" did not exceed permissible limits, as "[p]rosecutors have considerable leeway to strike 'hard blows,'" *United States v. Henderson*, 241 F.3d 638, 652 (9th Cir. 2000), and the statements were directed at defense counsel's closing argument, not defense counsel personally. *Cf. United States v. Rodrigues*, 159 F.3d 439, 451 (9th Cir. 1998) (reversing convictions when the prosecutor mounted an "unwarranted attack on defense counsel's integrity"). Nor did the prosecutor rely on facts not in evidence, because portions of Carleton's testimony that were allowed to stand provide a sufficient basis for the prosecutor's argument regarding what the private placement memoranda authorized. *See United*

*States v. Tucker*, 641 F.3d 1110, 1120 (9th Cir. 2011) ("Prosecutors can argue reasonable inferences based on the record." (internal citation omitted)). To the extent an error occurred, Spangler has not shown that the fairness, integrity, or public reputation of the judicial proceedings were affected in any way, or that failure to reverse would result in a miscarriage of justice. *See United States v. Tanh Huu Lam*, 251 F.3d 852, 861 (9th Cir. 2001).

Finally, because the district court did not err in its rulings, there can be no cumulative error. *See United States v. Romo-Chavez*, 681 F.3d 955, 962 (9th Cir. 2012).

**AFFIRMED.**